UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE D. WILLEY,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>      Defendant. | Case No. ED CV 09-1556-PJW<br><br>MEMORANDUM OPINION AND ORDER |

### I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred by not considering all of the medical evidence. (Joint Stip. at 4-7, 17-19.) For the following reasons, the Agency's decision is affirmed.

### II. SUMMARY OF FACTS AND PROCEEDINGS

In December 1998, Plaintiff was struck by a patient while working as a nurse's assistant and sustained neck and low back injuries. (Administrative Record ("AR") 126, 319, 655.) She underwent a cervical discectomy and fusion in September 1999. (AR 158-59.) When

her condition did not improve, she underwent surgery in April 2000 for a cervical fusion and plating of the cervical spine.  (AR 126-27, 138-39.)

In 2004, Plaintiff applied for DIB, alleging that she had been unable to work since December 1998, due to anxiety, depression, fibromyalgia, severe back pain, and cervical and lumbar spine impairments.  (AR 74-76, 109-15.)  The Agency denied the application initially and on reconsideration.  (AR 61-73.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 48-53, 56.)  Plaintiff appeared with counsel and testified at the hearing on September 18, 2006.  (AR 647-83.)

On December 27, 2006, the ALJ issued a partially favorable decision, finding that Plaintiff was disabled from September 1, 1999 to September 1, 2000, but that her condition improved after September 1, 2000 and she was no longer disabled.  (AR 35-47.)  The ALJ concluded that, though Plaintiff could not perform her past work as a certified nurse's assistant after September 1, 2000, she was capable of performing other jobs.  (AR 45-46.)

Plaintiff appealed to the Appeals Council, which granted review.  (AR 30, 32, 637-40.)  The Appeals Council received additional evidence and heard argument.  (AR 641-46.)  On May 1, 2009, it issued a decision, finding that Plaintiff was disabled from December 10, 1998 to September 15, 2000, but that she was not entitled to benefits because she had not timely filed her application, i.e., within 12

months of the date her disability ended (September 15, 2000).[1]  (AR 12-13.)  Plaintiff then commenced the instant action.

### III. DISCUSSION

#### The ALJ's Failure to Discuss the Opinions of the Consultative and Treating Doctors That Were Rendered After Plaintiff's Date Last Insured Was Harmless Error

Plaintiff contends that the ALJ erred by failing to address a December 11, 2002 opinion of consultative orthopedist Bunsri Sophon and a January 23, 2002 opinion of treating doctor William Mouradian. (Joint Stip. at 4-7, 17-19.)  For the following reasons, the Court concludes that the ALJ erred when he failed to discuss these opinions but that the error was harmless.[2]

The ALJ found that Plaintiff's condition improved on September 2, 2000, and that she was able to perform substantial gainful activity from that date forward.[3]  (AR 38.)  In doing so, he relied on, among other things, the testimony of medical expert Dr. Mason, who found that Plaintiff's condition did not meet a Listed impairment after

---

[1] Plaintiff had filed a prior application for benefits on September 9, 2002, which was denied on January 13, 2003.  (AR 13.) The Appeals Council determined that Plaintiff's 2004 application included new evidence that allowed reopening of the earlier application and, thus, held that September 9, 2002 was the relevant application date.  (AR 13.)

[2] The Court reviews the final decision of the Agency, which is the Appeals Council's May 1, 2009 decision.  *See Flaten v. Sec'y of Health & Human Services*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The Appeals Council adopted the ALJ's factual findings and conclusions, however, (AR 12), so the Court addresses the applicable portions of the ALJ's decision.

[3] The Appeals Council amended the date of Plaintiff's improvement to September 15, 2000.  The discrepancy in dates does not affect the Court's conclusions with respect to Plaintiff's claims.

September 1, 2000, and that she thereafter had the residual functional capacity to perform light work, with some restrictions. (AR 42, 43, 670-74, 677.) Dr. Mason testified that Plaintiff could do semi-sedentary work on a full-time basis, "where she could sit and stand and not be required to either do heavy lifting or any lifting of any significance." (AR 677.) He determined that Plaintiff could occasionally lift 20 pounds and frequently lift ten pounds; could stand, walk, or sit for six hours in an eight-hour workday, but should be given a sit or stand option; could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and reach overhead; and would be precluded from climbing ladders, ropes, and scaffolds. (AR 673.)

The ALJ cited to other medical evidence in his decision, including a May 2, 2000 opinion of orthopedic surgeon Isaac Schmidt, who examined Plaintiff and determined that her arms and hands showed intact sensations, deep tendon reflexes, and muscle strength, with no signs of atrophy. (AR 42, 133.) The ALJ noted a September 15, 2000 MRI of Plaintiff's cervical spine, which showed bridging across the endplates in the spines with no recurrent disc protrusion, spinal stenosis, or foraminal narrowing. (AR 42, 405-06.) He also noted August 7, 2001 diagnostic studies of Plaintiff's lumbar spine, which showed nothing more than minimal degenerative disc disease at L2-L3. (AR 43, 383-84.) In addition, the ALJ noted the October 15, 2001 opinion of treating physician Dr. Mouradian, who found that Plaintiff was totally temporarily disabled in April 2000, but that, since December 2000, she had been "doing fairly well" performing home exercises, walking, and riding her mountain bike on surface streets. (AR 377.) Dr. Mouradian noted that range of motion and leg strength

1  had improved, although Plaintiff continued to complain of some low
2  back pain and episodic numbness.  (AR 378.)  After examining
3  Plaintiff, he concluded that her forward flexion and extension were
4  improved, her left shoulder range of motion was now full, and that
5  "there are no significant upper extremity findings." (AR 378.) Dr.
6  Mouradian determined that Plaintiff's orthopedic condition was
7  permanent and stationary, and pronounced her "ready to be discharged
8  from further treatment in this office."  (AR 378.)  He concluded that
9  Plaintiff was limited to light work "in a standing or walking
10 position, with a minimum of demands for physical effort."  (AR 379.)

11      The ALJ adopted Dr. Mason's residual functional capacity
12 findings.  (AR 43.)  Based on these limitations, a vocational expert
13 testified that Plaintiff could not perform her past work, but could
14 perform work as a cashier, general office clerk, and assembler, which
15 were jobs that, even with erosion because of Plaintiff's need for a
16 sit/stand option, existed in significant numbers in the local and
17 national economies.  (AR 679-80.)

18      Plaintiff now contends that the ALJ's failure to consider the
19 December 11, 2002 opinion of consultative examiner Dr. Sophon
20 constitutes reversible error.  She points out that Dr. Sophon
21 determined that she would be limited to only occasional reaching (not
22 just overhead reaching, as the ALJ concluded), which would preclude
23 her from doing the jobs identified by the vocational expert.  (Joint
24 Stip. at 5-6; AR 264.)  Plaintiff argues that, even though Dr.
25 Sophon's evaluation was made after the expiration of her insured
26 status, his findings were still relevant to the issue of whether she
27 was disabled before her date last insured (December 31, 2000), and to
28

5

whether she timely filed for benefits by filing an application within 12 months of the date her disability ended. (Joint Stip. at 13-16.)

The Agency disagrees. It argues that the ALJ did not need to address Dr. Sophon's opinion at all because it postdated the expiration of Plaintiff's insured status by nearly two years and because Dr. Sophon did not have a treating history with Plaintiff or review any medical records other than Dr. Mouradian's January 2002 report. (Joint Stip. at 11-12.) Thus, in the Agency's view, Dr. Sophon's opinion was simply not relevant.

The general rule is that "reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). In *Smith*, the Ninth Circuit explained that "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Id.; see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1033 n.3 (9th Cir. 2007) (noting that medical reports made after the claimant's disability insurance lapsed were relevant and were properly considered by the ALJ and the Appeals Council under *Smith*).

Because Dr. Sophon's opinion was arguably relevant to the issue of disability, the ALJ should have addressed it. The ALJ's failure to do so was error. *See Herrera v. Astrue*, 2009 WL 3247184, at *6-7 (C.D. Cal. Oct. 6, 2009) (holding ALJ could not reject doctor's opinion (offered almost three years after date last insured) without providing a "specific and legitimate reason" for doing so). Nevertheless, the Court concludes that the error was harmless because it was "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). As the Appeals Council noted, Plaintiff was required to file

an application for DIB by September 15, 2001. Plaintiff filed her claim almost a year later, on September 9, 2002. Plaintiff's failure to file on time precludes her from prevailing in this case.

Further, the ALJ relied on uncontroverted medical evidence from 2000 and 2001 that demonstrated that Plaintiff's condition had improved after her second surgery. Even accepting Dr. Sophon's opinion that, by December 2002, Plaintiff's condition prevented her from reaching, she has offered no evidence to contradict the ALJ's residual functional capacity determination with respect to the period at issue, ending on September 15, 2001. Because Plaintiff has not demonstrated that she was disabled at that time, the ALJ's error in failing to consider Dr. Sophon's December 2002 opinion did not prejudice her.[4]  *See Stout*, 454 F.3d at 1055.

Plaintiff also contends that the ALJ's failure to address Dr. Mouradian's January 23, 2002 opinion requires reversal. (Joint Stip. at 17-19.) Again, the Court disagrees.

In January 2002, Dr. Mouradian reexamined Plaintiff, this time concluding that her neck condition precluded her from holding her head in one position for long periods and from repetitive motion of the head and neck to the extremes; and that her low back condition precluded her from "substantial work," as she had lost 75% of her pre-injury capacity to perform such activities as bending, stooping, and

---

[4] The September 9, 2001 filing deadline must be distinguished from the December 31, 2000 date last insured. Thus, in addition to filing on time, Plaintiff also had the burden of establishing that she was disabled prior to December 31, 2000. Dr. Sophon's finding that Plaintiff was impaired in December 2002 does not help Plaintiff in the context of this case, where the medical evidence shows that Plaintiff's condition improved by September 2000, though it later deteriorated.

1  lifting.  (AR 374, 375.)  Plaintiff argues that the January 2002
2  opinion constituted Dr. Mouradian's "final" opinion, implying that his
3  October 2001 opinion--in which he concluded that Plaintiff could
4  perform light work--was no longer valid.  The Court does not agree
5  with Plaintiff that Dr. Mouradian's 2002 opinion was intended to
6  supersede his 2001 opinion.  Dr. Mouradian did not say so in the 2002
7  report.  (AR 374-76.)  Instead, he explained that he performed a
8  physical examination on Plaintiff and described the results, which
9  differed from his findings from the 2001 examination, i.e., he found
10 in 2002 that Plaintiff's movement was more limited, prompting him to
11 conclude that she was more impaired.  (AR 375.)  Given this fact, Dr.
12 Mouradian's January 2002 opinion is not probative of whether Plaintiff
13 was disabled prior to December 31, 2000.  To the extent that the ALJ
14 erred by failing to acknowledge the 2002 report, any error was
15 harmless.  *Stout*, 454 F.3d at 1055.

## IV. CONCLUSION

For the foregoing reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: <u>September 7, 2010</u>.

/s/ Patrick J. Walsh
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\WILLEY\Memo_Opinion.wpd